# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD THOMAS, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br>vs.<br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 10cv555 BEN (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO JOIN ADDITIONAL PARTIES** |

Plaintiffs move pursuant to Federal Rule of Civil Procedure 19 to add three additional Plaintiffs, the decedent's children. Defendants argue in opposition that the addition of new parties would be futile because the new parties' claims are barred under the Federal Tort Claims Act ("FTCA"). Plaintiffs did not file a Reply addressing Defendants' argument, but rather, filed "Plaintiff's Notice of No Reply Brief and Waiver of Oral Argument." For the reasons outlined below, Plaintiffs' motion is **GRANTED in part and DENIED in part**.

## BACKGROUND

Plaintiffs Howard and Shirley Thomas are Eric Thomas' parents. (Compl. ¶ 3.) Eric was an inmate in a federal prison when he injured his foot. (Compl. ¶ 4.) He underwent corrective surgery on March 30, 2007. (*Id.*) On April 7, 2007, Eric began experiencing chest pain. (*Id.*) He was seen by a registered nurse on April 9, 2007 and given an EKG which was abnormal. (*Id.*) He was taken to a hospital by ambulance, but died approximately two hours later from a massive acute myocardial

1  infarction, secondary to a pulmonary embolism. (*Id.*) The May 7, 2007 autopsy report describes the
2  cause of death as a pulmonary embolism due to deep vein thrombosis. (Federal Defs. Opp'n to the
3  Pls. Mot. to Add Three New Pls., Ex. A.)

4  Plaintiffs' Complaint alleges that "a claim was submitted on behalf of Eric to the Federal
5  Bureau of Prisons." (Compl. ¶ 8.) The claim was denied in writing on July 9, 2009. (*Id.*) Defendants
6  assert that Plaintiffs submitted administrative claims in 2009 and that those claims were denied, but
7  that Defendants have no record of presentment of administrative claims from Eric's children, the
8  parties Plaintiffs seek to add.

## DISCUSSION

10  Plaintiffs move pursuant to Rule 19 for joinder of Eric's three children. Rule 19 requires the
11  joinder of a party if, in that person's absence, the Court cannot accord complete relief or disposing of
12  the action would impair or impede the person's ability to protect their interests.

13  Defendants argue that the addition of the potential Plaintiffs would be futile because any claims
14  by them are barred. Defendants claim that none of the potential Plaintiffs filed the requisite
15  administrative claim with the Federal Bureau of Prisons. "The FTCA is the exclusive remedy for
16  tortious conduct by the United States." *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998).
17  Additionally, claimant cannot sue the United States without "first giv[ing] the appropriate federal
18  agency the opportunity to resolve the claim." *Cadwater v. United States*, 45 F.3d 297, 300 (9th Cir.
19  1995) (citing 28 U.S.C. § 2675(a)). "This administrative claim prerequisite is jurisdictional" and
20  "must be strictly adhered to." *Id.* Section 2675 specifically prohibits an action against the United
21  States for a "death caused by the negligent or wrongful act or omission of any employee of the
22  Government while acting within the scope of his office or employment, unless the claimant shall have
23  first presented the claim to the appropriate Federal agency and his claim shall have been finally denied
24  by the agency in writing."

25  Here, it is unclear whether a claim by the potential Plaintiffs, based on Eric's death, is barred.
26  Defendants assert that the potential Plaintiffs did not file an administrative claim within the statute of
27  limitations. But neither party addresses whether the claim filed by Plaintiffs and referred to in the
28  Complaint meet this requirement. Defendants suggest the claim only met the administrative claim

requirement for the current Plaintiffs, but the Complaint says the claim was filed "on behalf of Eric Thomas." Unfortunately, Plaintiffs failed to file a Reply addressing whether the potential Plaintiffs have met the administrative claim requirement and neither party filed a copy of the relevant administrative claim.

Based on the current record, Defendants have not established that Plaintiffs' proposed amendment would be futile. Nor have Plaintiffs established that the potential Plaintiffs are required parties under Rule 19 because the potential Plaintiffs are not required if their claims are barred. Accordingly, the Court grants Plaintiffs leave to file an amended complaint adding the new Plaintiffs, but Plaintiffs must plead the claim sufficiently to establish this Court's subject matter jurisdiction, *i.e.*, that the new Plaintiffs meet the administrative claim requirement of the FTCA, and attach a copy of the relevant claim.

## CONCLUSION

Plaintiffs' motion is **GRANTED in part and DENIED in part**. Plaintiffs may file an amended complaint subject to the requirements set forth above on or before **June 3, 2011**.

**IT IS SO ORDERED.**

DATED: May 17, 2011

_____
Hon. Roger T. Benitez
United States District Judge